# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BLASKET RENEWABLE INVESTMENTS, LLC,<br><br>     Plaintiffs,<br><br> v.<br><br>THE KINGDOM OF SPAIN,<br><br>     Defendant. | Case No. 23-cv-2701 (RC)<br><br>**SUBPOENA FOR INFORMATION AND DOCUMENTS** |

TO: Federal Reserve Bank of New York
   33 Liberty Street
   New York, NY 10045

WHEREAS, in the above-captioned action in the U.S. District Court for the District of Columbia, a judgment was entered on November 15, 2024, in favor of Plaintiff Blasket Renewable Investments LLC (and against Defendant the Kingdom of Spain ("Spain") in the amount of $36,099,289.31, together with post-judgment interest from November 15, 2024, all of which remains unpaid.

NOW, THEREFORE, WE COMMAND YOU, pursuant to Federal Rules of Civil Procedure 69(a)(2) and 45, and this subpoena, that you answer in writing under oath, separately and fully, each of the written questions accompanying this subpoena in Appendix A, with each answer referring to the question to which it responds, attaching additional pages if necessary, and that you produce documents responsive to the requests for production in Appendix A, and that you deliver to Gibson, Dunn & Crutcher LLP, attention: Jason Myatt, 200 Park Avenue, New York, NY 10166, in the prepaid, addressed return envelope (or via electronic transmission if the parties agree upon a means of electronic production), within fourteen (14) days after your receipt of the questions, requests, and this subpoena.

PLEASE TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

Dated:  December 19, 2024

Washington, DC

Matthew D. McGill
MMcGill@gibsondunn.com
1700 M Street, N.W.
Washington, D.C.  20036
(202) 887-3680

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

APPENDIX "A"

## **DEFINITIONS**

1.      The definitions and rules of construction set forth in S.D.N.Y. Local Rule 26.3 are incorporated herein by reference as if set forth in full.

2.      "Spain" refers to The Kingdom of Spain and any agency or instrumentality of The Kingdom of Spain, as that term ("agency or instrumentality of a foreign state") is defined at 28 U.S.C. § 1603(b).   For purposes of this definition and this subpoena, the agencies and instrumentalities of Spain include, but are not limited to the entities identified in Exhibit A and:

          a.  Sociedad Estatal de Participaciones Industriales ("SEPI")

          b.  Instituto Cervantes

          c.  RENFE Operadora or RENFE of America LLC

          d.  Ingeniería y Economía del Transporte, S.M.E. M.P., S.A. ("INECO")

          e.  ENAIRE

          f.  Paradores de Turismo de España, S.A

3.      "CHIPS" shall mean the Clearing House Interbank Payment System, operated by the New York Clearing House Association.

4.      "Fedwire" as used herein means the Federal Reserve's funds transfer system.

5.      "SWIFT" shall mean the Society for Worldwide Interbank Financial Telecommunications.

6.      "You," "Your," and "Yours" refer to the Federal Reserve Bank of New York and all of its principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting or purporting to act on behalf of the Federal Reserve Bank of New York, and any other persons or entities in active concert and participation with that entity.

7.      "Account" means and includes, but is not limited to, savings accounts, checking accounts, money market accounts, brokerage accounts, certificates of deposit, lines of credit, and any other credits or debits.

## **INSTRUCTIONS**

1.      You are requested to answer each Request for Information separately and fully in writing and under oath.

2.      Unless instructed otherwise, no Request for Information shall be construed with reference to any other Request for Information for the purpose of limiting the scope of a request.

3.      In answering each Request for Information, furnish information known or reasonably available to You in Your possession, custody, or control, including, without limitation, information in the possession of Your agents, investigators, representatives, and attorneys.

4.      Respond fully to each Request for Information as of the time Your response is due. If after exercising due diligence to secure the information required by a specific Request for Information, You cannot secure information sufficient to fully respond to any of the Requests for Information, answer or respond to the extent possible, specifying the reason or reasons for Your inability to answer or respond to the remainder.

5.      You are requested to produce all responsive documents, wherever located, that are within Your possession, custody, or control, or in the possession, custody, or control of your agents, employees, attorneys, representatives, insurers, accountants, or other persons acting or purporting to act on Your behalf.

6.      Each request seeks production of the document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

7.      Documents responsive to these requests shall be produced as they have been kept in the usual course of business, including the file labels and other identifying information concerning the source or custodian of the document.

8.      If You refuse to produce any document requested herein on the ground of privilege, work product, or other ground of non-production, You shall submit, in lieu of each such document, a written statement that:

　　　a.      specifies the privilege or other asserted ground for non-production;

　　　b.      describes the nature and general topic of the document to the extent possible in a manner consistent with the privilege, work product, or other asserted ground for non-production;

　　　c.      identifies the person or persons who prepared the documents and, if applicable, the person or persons to whom the document was sent;

　　　d.      identifies any other person who has seen or had possession of the document; and

　　　e.      specifies the date on which the document was prepared or received by you.

9.      If a document responsive to any request is no longer in Your possession, but a copy of said document has been maintained by Your representative, agent, or consultant, include such document in Your production.  Any copy of a document that varies in any way from the original or from any other copy of the document shall constitute a separate document and must be produced, whether or not the original of such document is within your possession, custody, or control.

10.      If any of the information or documents supplied in response to these requests does not come from your records, please specify the source of the information or documents.

11.    If any document requested herein was formerly in Your possession, custody, or control and has been lost or destroyed, You shall submit, in lieu of each such document, a written statement that:

      a.    describes in detail the nature of the document and its contents;

      b.    identifies the person who prepared the document and, if applicable, the person or persons to whom the document was sent or disclosed;

      c.    specifies the date on which the document was prepared or transmitted; and

      d.    specifies, if known, the date on which the document was lost or destroyed, and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction.

12.    If documents exist within the memory of a computer and/or other device used to record and/or store information digitally, electronically, magnetically, or otherwise, a "hard" copy of such documents should be produced in response to the below document requests.

13.    All objections to any requests for information or documents must be made in a written response served on the undersigned within the time period for responding to this request.

14.    This is a continuing request.  You are under a duty to promptly supplement your responses if You obtain information on the basis of which You learn or have reason to believe that any or all responses are in some material respect incomplete or incorrect.

## REQUESTS FOR INFORMATION

1.    List all assets and accounts with the Federal Reserve Bank of New York of which You are aware held, owned, or beneficially owned by Spain, or in which Spain has an interest, from November 9, 2021 to the present.

2.      List all information in Your possession regarding the assets and accounts listed in response to Request for Information No. 1, including, but not limited to:

      a.      The balance of the accounts;

      b.      The status of the accounts, including whether they have been blocked or are otherwise subject to sanctions;

      c.      Any transactions involving the accounts from November 9, 2021 to the present.

## **REQUESTS FOR DOCUMENTS**

1.      Documents relating to the assets and accounts identified in response to Request for Information No. 1 sufficient to identify the account holder, balance, deposits, withdrawals, and transfers regarding the assets and accounts identified in response to Request for Information No. 1.

2.      For the period identified in Request for Information No. 1 and for each account identified therein, all of the following Documents regarding such account:

      a.   Account statements;

      b.   wire transfer, EFT, or ACH payment requests for payments in an amount greater than $500.00;

      c.   wire transfer, EFT, or ACH payment confirmations, details, or receipts for payments in an amount greater than $500.00;

      d.   cancelled checks (front and back) in an amount greater than $500.00;

      e.   deposit slips or receipts for any amount greater than $500.00;

      f.   records reflecting the receipt or delivery of securities;

      g.   applications for credit, including Documentation attached to or provided in connection therewith;

h.   credit reports;

i.   signature cards; and

j.   Account opening Documents, including, without limitation, Know Your Customer Documents; and

k.   Account closing Document

3.       All documents relating to any funds transfers to or from accounts identified in response to Request for Information No. 1, sufficient to show the date, amount, originating information and beneficiary information for such funds transfers, including any payment messages processed by Fedwire and any associated Federal Reference Number.

4.       All communications with Spain regarding the status of the accounts, transactions involving the accounts, and any other information about the assets or accounts identified in response to Request for Information No. 1.

5.       Logs or spreadsheets of all payment messages—whether generated by CHIPS, SWIFT, Fedwire, or any other interbank payment service—regarding any wire transfer initiated, originated, credited to, or ultimately received by any Spain, in which transfer You acted to facilitate an interbank funds transfer.

6.       All Documents reflecting all payments made by or on behalf of Spain, including, but not limited to, all Items or other Documents sufficient to reflect the source of funds for such payments.

**EXHIBIT A: NON-EXCLUSIVE LIST OF**
**PERSONS INCLUDED IN THE DEFINITION OF "SPAIN"**

| | |
|---|---|
| Office of the Prime Minister of Spain | Office of the First Deputy Prime Minister of Spain |
| Office of the Second Deputy Prime Minister of Spain | Office of the Third Deputy Prime Minister of Spain |
| Ministry of the Presidency, Justice and Relations with the Cortes | Ministry of Foreign Affairs, European Union and Cooperation |
| Ministry of Health | Ministry of Defence |
| Ministry of Finance (also known as Ministry of Treasury) | Ministry of the Interior |
| Ministry of Transport and Sustainable Mobility | Ministry of Education, Vocational Training and Sports |
| Spokesperson of the Government | Ministry of Labour and Social Economy |
| Ministry of Industry and Tourism | Ministry of Agriculture, Fisheries and Food |
| Ministry of Territorial Policy and Democratic Memory | Ministry for the Ecological Transition and Demographic Challenge |
| Ministry of Culture | Ministry of Economy, Trade and Business |
| Ministry of Equality | Ministry of Science, Innovation and Universities |
| Ministry of Housing and Urban Agenda | Ministry of Social Rights, Consumer Affairs and 2030 Agenda |
| Ministry of Inclusion, Social Security and Migration | Ministry for the Digital Transformation and Civil Service |
| Ministry of Youth and Children | Bank of Spain |
| Prime Minister – Pedro Sánchez (or current occupant) | First Deputy Prime Minister – María Jesús Montero (or current occupant) |
| Second Deputy Prime Minister – Yolanda Díaz (or current occupant) | Third Deputy Prime Minister – Teresa Ribera (or current occupant) |

| | |
|---|---|
| Minister of the Presidency, Justice and Relations with the Cortes – Félix Bolaños (or current occupant) | Minister of Foreign Affairs, European Union and Cooperation – José Manuel Albares (or current occupant) |
| Minister of Health – Mónica Garcia Gómez (or current occupant) | Minister of Defence – Margarita Robles (or current occupant) |
| Minister of Finance – María Jesús Montero (or current occupant) | Minister of the Interior – Fernando Grande-Marlaska (or current occupant) |
| Minister of Transport and Sustainable Mobility – Óscar Puente (or current occupant) | Minister of Education, Vocational Training and Sports – Pilar Alegría (or current occupant) |
| Spokesperson of the Government – Pilar Alegría (or current occupant) | Minister of Labour and Social Economy – Yolanda Díaz (or current occupant) |
| Minister of Industry and Tourism – Jordi Hereu (or current occupant) | Minister of Agriculture, Fisheries and Food – Luis Planas (or current occupant) |
| Minister of Territorial Policy and Democratic Memory – Ángel Victor Torres (or current occupant) | Minister for the Ecological Transition and Demographic Challenge – Teresa Ribera (or current occupant) |
| Minister of Culture – Ernest Urtasun (or current occupant) | Minister of Economy, Trade and Business – Carlos Cuerpo (or current occupant) |
| Minister of Equality – Ana Redondo García (or current occupant) | Minister of Science, Innovation and Universities – Diana Morant (or current occupant) |
| Minister of Housing and Urban Agenda – Isabel Rodríguez García (or current occupant) | Minister of Social Rights, Consumer Affairs and 2030 Agenda – Pablo Bustinduy (or current occupant) |
| Minister of Inclusion, Social Security and Migration – Elma Saiz (or current occupant) | Minister of Digital Transformation and Civil Service – Óscar López Águeda (or current occupant |
| Minister of Youth and Children – Sira Rego (or current occupant) | Governor of the Bank of Spain – José Luis Escrivá (or current occupant) |